**Hiram Rasool ABIFF, Colleen E. Abiff, Simba Salaam Abiff, et al., Plaintiffs,**

v.

**VIRGIN ISLANDS LEGISLATURE, Virgin Islands Elections Board, Virgin Islands Attorney General, and the Commissioner of Public Safety, Defendants.**

**No. CIV. 02–38.**

District Court, Virgin Islands, St. Thomas Division.

Aug. 13, 2002.

Hiram Rasool Abiff, St. Thomas, VI, pro se.

Wayne Anderson, Assistant Attorney General, V.I. Department of Justice, for defendants.

## MEMORANDUM

MOORE, District Judge.

This matter came before the Court on August 7, 2002, for argument on the plaintiffs' motion for a declaratory judgment concerning the constitutionality of sections 1 and 2 of Act No. 6488, 24th Legislature, Reg. Sess. (VI 2002) ["Act No. 6488"]. I found, and the Government of the Virgin Islands conceded, that section 1 prohibits protected speech in violation of the First Amendment. With respect to the plaintiffs' challenge to the legitimacy of section 2 of Act No. 6488, I upheld section 2 as consistent with the Hatch Act, 5 U.S.C. §§ 1501–1508, by construing it to apply only to employees of Virgin Islands Governmental agencies that do not receive more than *de minimus* funding from the federal government.

## I. BACKGROUND

Hiram Rasool Abiff, Colleen E. Abiff, and Simba Salaam Abiff [collectively "plaintiffs"], all Virgin Islands citizens and registered voters, bring this suit against the Virgin Islands Legislature, the Virgin Islands Elections Board, the Virgin Islands Attorney General, and the Commissioner of Public Safety [collectively "the government"]. The plaintiffs challenge sections 1 and 2 of Act No. 6488 passed by the Virgin Islands Legislature ["Legislature"] earlier this year,[1] and argue that (1) section 1 is unconstitutional under the

---

**1.** On December 11, 2001, the Legislature passed Act No. 6488 containing the objectionable provisions, and on December 29, 2001, the Governor approved the Act, but line-item vetoed the language in sections 1 and 2. The

First Amendment to the United States Constitution because it infringes on their rights to free speech, free press, and to associate; and (2) section 2 violates federal law, that is, the Hatch Act, 5 U.S.C. §§ 1501–1508, because it allows governmental employees to run for political office while they work for agencies whose programs are financed in whole or in part by loans or grants made by the United States or a federal agency. (*See generally,* Compl. at 1–4.)

Section 1 of Act No. 6488 amended Title 18, section 556[2] of the Virgin Islands Code, and provides that:

> No candidate for public office, or any of his supporters, including members of his campaign committee, shall conduct a campaign activity after 2:00 a.m. on the day of a primary or general election. For purposes of this section, "campaign activity" includes but should not be limited to, the distribution of fliers or other campaign paraphernalia, and soliciting the support of voters on behalf of and for the candidate.

Section 1, Act. No. 6488. The plaintiffs claim that this provision, on its face, violates the First Amendment because it prohibits protected political speech.

Section 2 of Act. No. 6488 amended section 2 of Title 18, which read, in pertinent part:

> Persons employed in the legislative, executive or judicial branches of the Government of the United States Virgin Islands shall be eligible for nomination as candidates for public office, but any such person who becomes a candidate shall be granted and shall take a leave of absence from his governmental duties from the date of filing of his nomination petition or nomination paper until the date of the ensuing general election unless, if he is a candidate at the primary election, he fails to be nominated thereat, in which case his leave of absence may terminate immediately after such primary.

18 V.I.C. § 2 (as amended by section 2 of Act No. 6488). The revision enacted by Act No. 6488, deleting the language after the words "public office," eliminated the requirement that government employees running for office must take a leave of absence from their positions pending the election. *See* section 2, Act. No. 6488. The plaintiffs aver that this revision violates the Hatch Act and are concerned that the Territory is placing its federal funding in jeopardy by permitting its employees to work while running for office. (Compl. at 1–4.)

As relief, the plaintiffs request that this Court (1) issue a preliminary injunction on their behalf, (2) enter a declaratory judgment finding that these provisions of the Act are unconstitutional, (3) issue a permanent injunction to cease any policy or practice that interferes with the plaintiffs' exercise of their rights to free speech and association, and (4) grant the plaintiffs costs and fees incurred in bringing this action.

The government originally moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 21, arguing that the plaintiffs failed to state a claim. (*See* Mot. to Dismiss and Supp. Mem. at 1–3.) In a subsequent brief, however, the government concedes that section 1 of the Act

---

Legislature subsequently overrode the veto on January 30, 2002.

**2.** Under this amendment, the existing language in Title 18, section 556, was designated as subsection (a), and the new provision constituted subsection (b). The existing language in section 556 vests in the chairperson of the board of elections in the election district the authority to prohibit electioneering "within an area outside the polling place" he or she designates. *See* V.I. CODE ANN. tit. 18, § 556.

violates the First Amendment, acknowledging that the amendment prohibits protected political expression. The government further agrees that "the legislation substantially and unnecessarily impinges on Plaintiff's and many other Virgin Islanders' constitutionally protected First Amendment rights." (*See* Govt. Br. Regarding Const. and Validity of Act No. 6488 at 4.)

With respect to the plaintiffs' averment that section 2 of Act No. 6488 violates the Hatch Act, however, the government adamantly maintains that the law complies with the Hatch Act because Title 18 section 2, the law section 2 amends, applies solely to those employees of the Virgin Islands government who work for agencies that do not receive any, or only a nominal amount of, federal funds. (*Id.* at 5–8.)

## II. DISCUSSION

### A. JURISDICTION

This Court is vested with jurisdiction over all issues arising under the United States Constitution. *See* 4 V.I.C. § 32; Section 22 of the Revised Organic Act of 1954.[3]

### B. Section 1 of Act No. 6488, on its Face, Violates the First Amendment to the United States Constitution

The First Amendment to the United States Constitution prohibits laws "abridging the freedom of speech, or of the press; or of the right of the people peaceably to assemble." U.S. CONST. amend. I. The First Amendment is applicable in the Vir-

gin Islands by virtue of section 3 of the Revised Organic Act of 1954, as amended.[4]

Plaintiffs, as residents and registered voters of the Virgin Islands, charge that section 1 of Act No. 6488 violates their First Amendment rights to free speech, free press, and free assembly.[5] They are correct. This provision is precisely the type of law that the Supreme Court struck down as unconstitutional in *Mills v. Alabama*, 384 U.S. 214, 86 S.Ct. 1434, 16 L.Ed.2d 484 (1966). In *Mills*, the Court considered the constitutionality of an Alabama statute that criminalized "any electioneering or [soliciting of] any votes . . . in support of or in opposition to any proposition that is being voted on on the day on which the election affecting such candidates or propositions is being held." *Id.* at 216, 86 S.Ct. 1434. In that case, the City of Birmingham was holding elections to determine whether voters would retain their existing city commission form of government or replace it with a mayor-council government. *Id.* at 215, 86 S.Ct. 1434. On election day, a newspaper editor published an editorial urging voters to select the mayor-council form of government. The editor was later arrested for his editorial. *Id.*

The Supreme Court held that the Alabama statute was unconstitutional under the First Amendment. In reaching this conclusion, the Court noted that one of the fundamental purposes of the First Amendment was "to protect the free discussion of governmental affairs. This of course includes discussion of candidates, structures and forms of government, the manner in which government is operated or should be

---

3. *See* Revised Organic Act of 1954 § 22 ["ROA"], 48 U.S.C. § 1612. The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541–1645 (1995 & Supp.2001), *reprinted in* V.I. CODE ANN. 73–177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp.2001) (preceding V.I. CODE ANN. tit. 1).

4. *See* ROA, § 3; 48 U.S.C. § 1561.

5. *See Burson v. Freeman*, 504 U.S. 191, 195, 112 S.Ct. 1846, 119 L.Ed.2d 5 (1992) (permitting appellant's facial challenge to unconstitutional statute).

operated, and all such matters relating to political processes." *Id.* at 218–19, 86 S.Ct. 1434. The Court further noted that the First Amendment applied not only to the press, as in newspapers, books and magazines, but also to "humble leaflets and circulars." *Id.* Because the Alabama statute in question prevented any "adequate reply" to "campaign charges up to the last minute of the day before the election," the Court held that "no test of reasonableness can save a state law from invalidation as a violation of the First Amendment when that law makes it a crime for a newspaper editor to do no more than urge people to vote one way or another in a publicly held election." *Id.* at 220, 86 S.Ct. 1434.

■ Here, as in *Mills*, the statutory provision at issue violates the First Amendment because it, too, prohibits citizen dialogue with respect to governmental elections on election day. As the government states in its Brief,

> [section 1] bars speech in quintessential public forums such as parks, streets and sidewalks, irrespective of their proximity to polling booths or stations. Furthermore, this is not just a case where the Legislature is regulating expression only in a public forum. The statute with its all-encompassing zone of protection prohibits individual homeowners from expressing their political views on their own property. For [twenty-two] hours on the day of a primary or general election, the legislation prohibits any form of campaigning or electioneering within a private residence; in every restaurant, coffee shop, bar, or any place of business; in every private or public form of transportation; and at every street corner, sidewalk or park in the

Virgin Islands. Furthermore, it prohibits any form of electioneering whether by word-of mouth, editorials, Internet, tee shirts, flyers [sic] talk show, or song.

(Govt. Br. Regarding Const. and Validity of Act No 6488 at 4–5 (internal citations omitted).) The enforcement of section 1 of Act No. 6488 would have a profoundly chilling effect on the free discussion of governmental affairs protected by the First Amendment. Moreover, section 1 of Act No. 6488 does not "involve[ ] the extent of [the Virgin Islands government's] power to regulate conduct in and around the polls in order to maintain peace, order, and decorum there." [6] *See Mills*, 384 U.S. at 218, 86 S.Ct. 1434 (noting same with respect to the Alabama law). Accordingly, I found this revision of Title 18 section 556 facially unconstitutional under the First Amendment.

### C. Section 2 of Act No. 6488 is Construed to be Consistent with the Hatch Act, §§ 1501–1508

■ Plaintiffs also challenge section 2 of Act No. 6488, contending that the amendment violates the Hatch Act, 5 U.S.C. §§ 1501–1508, because it permits employees of Virgin Islands governmental entities that receive federal funds to continue to work while they campaign for elected office. The government contends that section 2 applies solely to employees of Virgin Islands entities that receive only local funds.

The Hatch Act prohibits federal employees, and employees of state and local governments receiving federal funds, to engage in political activity, and specifically forbids such employees from running for elective office. *See* 5 U.S.C. § 1502. Congress has vested the enforcement of the

---

**6.** In a case decided after *Mills,* the Supreme Court upheld a state law prohibiting campaign activities within 100 feet of polling place. *See Burson,* 504 U.S. at 211, 112 S.Ct. 1846 (finding Tennessee law constitutionally sound because it protected "the right to cast a ballot in an election free from the taint of intimidation and fraud").

Act in the Merit Systems Protection Board ["MSPB"]. *Id.* § 1504. This Court has no jurisdiction to enforce the Hatch Act.[7] Nevertheless, all acts of the Legislature must be consistent with federal law. *See* ROA § 8(a) (extending legislative authority to the Virgin Islands to enact laws "not inconsistent with ... the laws of the United States made applicable to the United States").[8] The only way that section 2 of Act No. 6488 can stand is if I construe it to apply only to those agencies and departments of the Virgin Islands Government funded only with locally-derived moneys. I again agree with the government that section 2 may be upheld by so limiting its application. Accordingly, I upheld the validity of section 2 of Act No. 6488 as applying solely to employees of Virgin Island governmental and quasi-governmental agencies that are not federally funded.

## III. CONCLUSION

Because section 1 of Act No. 6488 bans any type of campaign activity, including speech and the distribution of fliers, on the day of an election, the amendment, on its face, violates the First Amendment to the United States Constitution. I, however, uphold section 2 as consistent with the Hatch Act by construing it to apply only to employees of departments, agencies and entities of the Government of the Virgin Islands, including independent and quasi-independent agencies, that receive no money, or only *de minimus* funding, from the federal government.

---

**7.** Congress has vested the authority to enforce the Hatch Act solely in the MSPB, and district courts have jurisdiction to consider only the decisions of the Board. *See* 5 U.S.C. § 1508; *see also Hall v. Clinton*, 285 F.3d 74, 83 (D.C.Cir.2002) (noting that the Hatch Act does not provide a private cause of action); *Brooks v. Nacrelli*, 331 F.Supp. 1350, 1354 (E.D.Pa.1971) (finding that court lacked jurisdiction to consider plaintiffs' request for injunctive relief under the Hatch Act, "regardless of whether [they] have standing as aggrieved parties, [because] it is obvious that to permit them to bring an action based on alleged Hatch Act violations would be to permit a bypass of the administrative procedure set forth by Congress"); *Dingess v. Hampton*, 305 F.Supp. 169, 175 (D.D.C.1969) (declining to exercise jurisdiction over First Amendment claim under the Hatch Act where the Civil Service Commission (then charged with enforcing the Act) had not initiated an action against the respondent/federal employee).

**8.** Congress has explicitly extended the provisions of the Hatch Act to the "territor[ies] or possession[s] of the United States ...." *See* 5 U.S.C. § 1501(a).